BIDDEFORD SAVINGS BANK *vs.* DWELLING–HOUSE INSURANCE COMPANY.

York.    Opinion June 1, 1889.

*Insurance.    Insurable Interest.    Ownership.    Notice.    Proof of Loss.    Waiver.*

At the time of issuing a policy of fire-insurance the plaintiff bank held a mortgage upon the insured premises, and the policy contained a clause by which the policy was made payable in case of loss to the bank "as its interest may be." *Held*, that this was not an assignment of the policy but, in effect, an accepted order on the defendant to pay that amount to the plaintiff, in case of loss.

The mortgagor subsequently conveyed the property, and assigned the policy to another who in turn transferred the property, with the policy by the consent of the defendant to the plaintiff, receiving back an agreement, not under seal, for a re-conveyance on certain conditions. A loss under the policy afterwards happened. *Held*, that the plaintiff under the last conveyance held the legal title,—the mortgage being discharged or merged—and was the owner of the policy issued upon the property insured, and entitled to enforce its payment.

The proof of loss was made and notice given, not by the bank but an intermediate party, having an equitable interest under plaintiff's last grantor. It appearing that all the material facts were known to the defendant company, which made no objection to the sufficiency of the proof, its form, or the source whence it came, but was received by the company and a satisfactory conclusion reached, through its adjuster, as to the actual damage, and no suggestion is now made that it was not correct, or that the company has suffered from any deficiency in the proof, *Held*, that all objections to the notice and proof must be considered as waived.

REPORT, on facts agreed, a summary of which is as follows :— October 30, 1882, W. F. Wildes conveyed in mortgage, a lot of land and the buildings thereon, situate in Biddeford, upon which buildings the policy in suit was issued, to E. Stone to secure $225, and June 1, 1883, quit-claimed them to Louisa M. Dearborn, to whom the defendant, through its agents Smith and Tibbetts, issued its policy for $1250, September 19, 1883, containing the following clause "payable in case of loss to Biddeford Savings Bank as its interest may be." Stone, September 9, 1883, assigned his mortgage to the Biddeford Savings Bank, the plaintiff; and said Dearborn, November 11, 1884, reconveyed the premises by

quit-claim to said Wildes assigning at the same time her policy with the consent of the insurance company's agents. On this day Dearborn conveyed the premises by warranty deed to the bank, which at the same time gave him a written agreement, not under seal, to reconvey said premises to him on payment of his indebtedness to it. August 18, 1886 said Wildes executed and delivered a quit-claim deed of the premises to his wife, Ruth B. Wildes, after which the policy was assigned with the consent of the company's agents to the bank,—the agents having knowledge of the deed to the bank. The property insured was destroyed by fire August 4, 1887, and notice thereof was immediately received by the defendant.

A proof of loss made by Ruth B. Wildes was furnished the defendant August 9, 1887 to which no objection, as to matter of form and substance, was made. This is the only proof of loss furnished; and defendant has not requested additional proofs. The adjuster of the company found the loss or damage to the property to be $1125.00. After the lapse of sixty days from the time when the proofs of loss were furnished, a demand was made on the defendant for payment of the loss, which was refused.

The amount due to the plaintiff on its mortgage, at the time of the loss was $338.41, and the defendant at the May term 1888, filed an offer to be defaulted for that sum and interest from the date of loss and costs of suit.

The case was submitted to the law court to determine the legal rights of the parties upon the agreed statement, and enter proper judgment thereon.

*R. P. Tapley, E. Stone* with him, for plaintiff.

Plaintiff entitled to recover for whole loss, being liable over, to party legally entitled to enforce the agreement for a reconveyance, for any balance in its hands. The policy provides, "that upon the alienation of any estate hereby insured * * * the purchaser having this policy legally transferred to him may upon application have this policy revived with the consent of the company expressed in writing; and by such revival the company and purchaser shall be entitled to all the rights to which the original parties respectively were entitled before such alienation."

Ruth B. Wildes had an interest in the insurance money through the quit-claim from her husband, describing her title in proof of loss by reciting the several transfers, and claiming ownership subject to mortgagee's interest. Proofs in this and other respects ample and full. *Bartlett* v. *Ins. Co.,* 46 Maine, 500; *Lewis* v. *Ins. Co.,* 52 Id. 492; *Walker* v. *Ins. Co.,* 56 Id. 371; *Patterson* v. *Ins. Co.,* 64 Id. 500. Notice required by the policy, or statute, sufficient. *Campbell* v. *Ins. Co.,* 59 Maine, 430; *Fox* v. *Ins. Co.,* 53 Id. 107; *Caston* v. *Ins. Co.,* 54 Id. 170; *Dolbier* v. *Ins. Co.,* 67 Id. 180.

All acts shown to have been done by defendant's agents, bind the defendant company. R. S., c. 49, §§ 19, 90; *Farrow* v. *Cochrane,* 72 Maine, 309, 310; *Emery* v. *Ins. Co.,* 52 Id. 322, 324. Action may be maintained by assignee of policy. R. S., c. 49, § 51.

Equitable right of Wildes or his wife does not prevent a recovery of full amount; it is not an alienation or an incumbrance. *Newhall* v. *Ins. Co.,* 52 Maine, 180; *Grant* v. *Ins. Co.,* 75 Id. 196, 204.

*W. F. Lunt, I. W. Dyer,* with him, for defendants.

The bank could insure only its interest, the mortgage debt, and this sum defendants offered to pay. *Carpenter* v. *Ins. Co.,* 16 Pet. 495; Wood, Fire Ins. §§ 257, 297. Can recover only the amount of its interest as mortgagee. No notice or proof of loss being received from the bank, the only party insured, there were no defects to object to, or which might be considered as waived. The "insured" was the bank and not Wildes or his wife. If the bank was "owner" it should give the notice; if Mrs. Wildes, then she should have a policy in her name.

*Plaintiff,* in reply.

Plaintiff claims not only under the terms of the policy, but by the assignment, which carries with it all the rights of the original parties.

Wildes' deed to his wife operated as an assignment to her of his interest in the agreement of the bank to convey. She was a "person sustaining loss" and competent to give notice and make

proof of loss, which, under this policy, may be made by any reasonable and satisfactory evidence,—the testimony of eye-witnesses being sufficient.

We do not admit there was no notice from any person "suffering loss," but suppose it were so, defendant is as competent to waive all notice, as well as defective notice.

DANFORTH, J. This is an action upon a policy of insurance. It is presented upon an agreed statement of facts from which it appears that the policy in question was issued, to Louisa M. Dearborn September 19, 1883, containing a provision by which it was payable to the plaintiff "in case of loss as its interests may be." At that time the assured was mortgagor of the premises insured and the plaintiff mortgagee.

On November 11, 1884, the assured conveyed her interest in the premises insured and with the consent of the defendant company assigned the policy to William F. Wildes, and on the same day he, in consideration of two hundred dollars, conveyed, by warranty deed, the premises to the plaintiff, who gave back a written agreement not under seal, for a reconveyance, which is made a part of the case.

On May 6, 1887, Wildes with the written consent of the company assigned the policy to the plaintiff, though previous to this he had released his interest in the premises to his wife Ruth B. Wildes.

The defendant raises a preliminary objection to its liability for want of notice and proof of the loss, which happened August 4, 1887.

It may be conceded that in the absence of due notice and proof of loss by the assured or by some one acting for and in its behalf and by its authority, no duty or liability would rest upon the defendant. But this requirement is for the sole benefit of the insurer; and it is now well settled that whether imposed by contract or statute, it may be waived in part or in whole by the company for whose benefit it is imposed. In this case, the agreed statement finds that notice was received by the defendant immediately after the loss, and that in a few days afterward proof of the damages was furnished by Ruth B. Wildes. No objection to

this is now made except that it is not shown to have been under the authority of the plaintiff. No objection whatever was made at the time, but the company acted upon it, made an investigation and came to a conclusion as to the amount of damages satisfactory to it then, and as we must conclude satisfactory now, as no suggestion is made that the conclusion is not correct, or that the company have suffered, or are likely to suffer, from any defect of proof or notice. Hence there seems to have been a very clear waiver of any want or deficiency of notice or proof of loss.

The only remaining question is as to the amount the plaintiff is entitled to recover. While it claims the whole damage covered by the policy, as found by the defendant's agent or adjuster, in behalf of the defense, it is contended that the amount should be limited to the sum actually due the plaintiff as mortgagee. This would clearly have been in accordance with the legal construction of the contract, as the facts were when the policy was issued. At that time the plaintiff had only the title of a mortgagee, and had no insurance even upon that interest. The provision for it in the policy, was not an assignment of the policy in its favor, but simply an order on the company to pay that amount in case of a loss. "The insurance was upon the property of the mortgagor as the general owner and not upon the interest of the plaintiff as mortgagee." *Brunswick Sav. Inst.* v. *Commercial Ins. Co.*, 68 Maine, 313; *Carpenter* v. *Washington Ins. Co.*, 16 Peters, 500; *Gillett* v. *Liverpool & L. & G. Ins. Co.*, 28 *American L. Regr*, (2d Series) 216 and note; *Fogg* v. *Middlesex M. I. Ins.*, 10 Cush. 337, 346.

But when Wildes conveyed to the plaintiff there was an entire change in the title to the premises. Whatever may have been the effect of the instrument given back, the original mortgage ceased to exist, the mortgagor parted with his title which became from that time vested in the plaintiff. The contract to reconvey may have created an equitable mortgage and may have been an insurable interest, but it in no way affected the legal title, nor was it insured by the policy. Nor did the conveyance to the wife affect the policy, for the grantor's interest in that had all gone by the prior conveyance. In this condition of the title the policy

was duly assigned to the plaintiff with the consent of the defendant. This policy was an insurance upon the property itself issued to a person having the legal title. The assent of the company to the assignment, was a renewal of the original contract to the assignee with all its force, effect and liabilities, as well as its conditions and limitations. In the language of the opinion in *Grant* v. *Ins. Co.*, 75 Maine, 196, 203, it is "a new contract with the assignee of the policy on the basis of the old one."

Thus the plaintiff presents itself as having the legal title to the property and the owner of the policy by which that property is insured, duly issued to itself.

The contract for a reconveyance though creating an equitable mortgage is no objection to a recovery ; it is not even an incumbrance. *Grant* v. *Ins. Co.*, *supra; Newhall* v. *Union M. F. Ins. Co.*, 52 Maine, 180.

Nor will this result be inequitable. By the contract which the plaintiff gave for a reconveyance, if the property is redeemed, the expense of insurance is one of the items to be paid ; if not redeemed it is still the duty of the plaintiff to dispose of the property and after deducting the amount due including the expense of insurance, account to the equitable mortgagor for the balance. So that the defendant simply performs its contract for which it has received the consideration provided, and the proceeds are divided in accordance with the principles of equity. R. S., c. 49, § 51 ; *Stinchfield* v. *Milliken*, 71 Maine, 567, 572.

> *Judgment for the plaintiff for $1125, the amount*
> *of loss as found by defendant's adjuster, with*
> *interest from October 8, 1887.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.